OPINION OF THE COURT
PER CURIAM.
Zhi Liang Chen, a citizen of China, entered the United States in 2004 without valid travel documents. He now petitions for review of the Board of Immigration Appeals order affirming without opinion an Immigration Judge’s order denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). For the reasons set forth below, we will deny the petition for review.
At a hearing before the Immigration Judge (“IJ”), Chen alleged that he had been persecuted on account of religion as he is a Christian. Chen testified that he began participating in church activities with his grandmother when he was in high school. He and his family initially attended a government sanctioned church, but Chen later joined an underground “private” church in 2001 after believing that the Chinese government was limiting his ability to worship. He began distributing religious pamphlets and giving speeches about the Bible, both while he was in high school and after graduation at his place of work. He also stated that from the end of 2003, some church members would gather at his home to discuss the Bible and pray, as well as participate in activities associated with an underground church.
Chen also testified that in August 2004, while working at a supermarket, he was arrested and taken to a police station where he was further interrogated. When Chen refused to divulge details of the church meetings, he was slapped on the face. Chen also alleges that the police tried to bribe him to find out details of church meetings. He was detained for about forty-eight hours. After being released, he was not allowed to leave town without permission and was required to report to the police station regularly. Chen left China for the United States in November 2004 and entered illegally in December 2004.
At a continued hearing in June 2006, Chen was given the opportunity to make additional changes to his asylum application. Through his attorney, Chen indicated that he wanted to change the information regarding the date on which his employment ended at the supermarket. At the beginning of the hearing, he requested the date to be changed to April 2004. Chen’s attorney went off the record to confirm this fact and the IJ verified that this change was true, accurate, and complete. During cross-examination, however, Chen was asked how he could have been arrested in August 2004 if he ended work at the supermarket in April 2004. Chen responded that he amended his application to indicate that his employment ended “August 10th.” The IJ, however, pointed out that Chen had made an effort to specifically amend this date to April 2004, and when asked to explain this inconsistency, Chen stated that he “did not really pay attention to it.”
The IJ determined that Chen was “not a credible and persuasive witness.” The IJ cited material discrepancies and inconsistencies between his testimony, asylum application, and documentary evidence. The IJ also noted that even if credible, Chen still failed to meet his burden of proof for asylum and withholding of removal, and did not establish the likelihood that he would be tortured under CAT. The Board of Immigration Appeals (“BIA”) affirmed the I J’s decision without opinion.
*426 Where the BIA simply affirms the IJ’s decision, we review the IJ’s opinion. See Dia v. Ashcroft, 353 F.3d 228, 240 (3d Cir.2003) (en banc). We review the IJ’s findings of facts for substantial evidence and will uphold the adverse credibility findings “to the extent that they are supported by reasonable, substantial and probative evidence on the record considered as a whole.” Kayembe v. Ashcroft, 334 F.3d 231, 234 (3d Cir.2003). We may reverse these findings “only if there is evidence so compelling that no reasonable factfinder could conclude as the [IJ] did.” Id.; see also INA § 242(b)(4)(B), 8 U.S.C. § 1252(b)(4)(B). Adverse credibility findings may be based on inconsistencies, but only if the inconsistencies relate to facts at the heart of the claim, rather than to unimportant details. See Chukwu v. Att’y Gen. of the United States, 484 F.3d 185, 189 (3d Cir.2007); Gao v. Ashcroft, 299 F.3d 266, 272 (3d Cir.2002) (cases explaining the pre-REAL ID Act standard of review).[1]
The IJ determined that Chen was not a credible or persuasive witness based on the inconsistencies in Chen’s testimony and the supporting documentation. We agree. Based on our review of the record, Chen was inconsistent on material aspects of his testimony that relate to the heart of his persecution claim. For example, he initially testified that he was Catholic; a few questions later, he remembered he was not Catholic, but identified himself as a Christian. When Chen was questioned about his arrest, he stated that it occurred on August 10, 2004, while he was working at the supermarket. Yet Chen had specifically requested to clarify the date he ended his employment to be April 2004. Although dates may not always be important, here, the date of his arrest was a vital detail central to his persecution claim, and his inconsistency raises doubt about his credibility.
In addition, Chen was evasive and vague in his testimony, and the supporting documentation he provided further complicates his credibility. For example, when asked about the church he attends since arriving in the United States, Chen stated that the church is in New York, but he did not know its address or exact location. Chen testified that he attends weekly or so, and that a friend takes him there. Chen then stated that he takes public transportation, but when asked further, stated that his uncle drove him to Chinatown and he walked. Neither Chen’s friend nor uncle testified for him at the hearing to corroborate this claim. When asked about the underground church meetings that took place in China, Chen provided a certificate from the Changle Christian Association, but stated that it was associated with government churches. He also could not explain the purpose of the Changle Christian Association. Finally, Chen could not explain how his underground church in China came together, met, organized future meetings, or decided the content of its services.
Moreover, even if Chen were credible, the evidence supports the IJ’s conclusion that Chen failed to establish a well-founded fear of persecution, which requires both an objective and subjective showing. See Abdulrahman v. Ashcroft, 330 F.3d 587, 592 (3d Cir.2003). Persecu *427 tion includes “threats to life, confinement, torture, and economic restrictions so severe that they constitute a threat to life or freedom.” Fatin v. INS, 12 F.3d 1233, 1240 (3d Cir.1993). Here Chen did not show that his fear rises to the level of persecution because he was slapped by Chinese authorities on one isolated occasion. See Chen v. Ashcroft, 381 F.3d 221, 235 (3d Cir.2004) (an alleged beating that does not result in any injuries that require medical attention does not constitute persecution). Nor does Chen show that an objective fear of future persecution exists. He testified that after he left China, the police visited his home twice to inquire as to his whereabouts. Since then, his family members have not had problems with the authorities. Such limited interaction with the Chinese authorities does not suggest that Chen would face life-threatening circumstances if returned to China, and he provides no evidence that would allow us to conclude otherwise. Accordingly, we agree that he is ineligible for asylum.
Because Chen failed to meet the burden of proof required for asylum, he has also failed to meet the higher standard for statutory withholding of removal.[2] See Lukwago v. Ashcroft, 329 F.3d 157, 182 (3d Cir.2003). Chen also fails to show that it is more likely than not that he will be tortured if removed to China, and therefore, he is not eligible to receive CAT protection. 8 C.F.R. § 208.16(c)(2). Accordingly, we will deny the petition for review.

. The IJ noted that there was a question as to whether the REAL ID Act applied to Chen's application. The REAL ID Act governs applications filed on or after May 11, 2005. Pub.L. No. 109-13, § 101 (a)(3)(B)(iii), 119 Stat. 231, 303 (2005) (codified at 8 U.S.C. § 1158(b)(l)(B)(iii)). Here, Chen’s application was signed on April 13, 2005; however, a cover letter and court filing stamp are dated June 20, 2005. Given the difference in dates, the IJ gave Chen the benefit of the doubt and did not apply the more stringent provisions of the REAL ID Act in adjudicating his application.

. The government argues that Chen waived judicial review by not arguing in his opening brief the IJ’s denials of his withholding of removal and CAT protection claims. We agree. Regardless, the standard for these claims is more demanding than the standard to grant asylum, and thus, Chen cannot establish eligibility for either. See Lukwago, 329 F.3d at 182-83.